IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

ALBERT EDWARDS,

                      Petitioner,

   v.

LOUIS WILLIAMS,

                      Respondent.

OPINION & ORDER

16-cv-462-jdp

---

Petitioner Albert Edwards is a pro se prisoner in the custody of the federal Bureau of Prisons. Petitioner seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2241, challenging his 1994 conviction in the United States District Court for the Northern District of Illinois. Petitioner contends that he should not have received an enhanced sentence as a career offender under the United States Sentencing Guidelines. I conclude that petitioner cannot proceed with this claim under § 2241, and so I will dismiss his petition.

BACKGROUND

I draw the following background from the petition and from publicly available information about petitioner's underlying criminal convictions.

Petitioner is serving a term of 440 months of imprisonment. He is currently incarcerated at FCI-Oxford, which is within the Western District of Wisconsin.

In 1993, the United States charged petitioner and three other defendants with conspiracy to distribute cocaine base and using firearms in relation to a drug trafficking offense. Petitioner proceeded to trial, and a jury ultimately convicted him on both counts.

After trial, the sentencing court concluded that petitioner was a career offender. That enhancement is the subject of this petition. Petitioner had three qualifying predicate convictions—two relating to controlled substances and one relating to mob activity—any two of which would have qualified him as a career offender pursuant to USSG § 4B1.1. The guideline range for petitioner's conspiracy charge was 360 months to life, and the sentencing court sentenced him to 380 months of imprisonment for this charge. The sentencing court also sentenced petitioner to a mandatory consecutive term of 60 months of imprisonment on the charge of using a firearm in relation to a drug trafficking offense.

Petitioner appealed, challenging only an evidentiary ruling. The Seventh Circuit affirmed petitioner's conviction on January 20, 1995.

Since petitioner began serving his sentence, he has filed several postconviction motions in the Northern District of Illinois.[1] On May 7, 1997, petitioner filed a motion to vacate his sentence, pursuant to 28 U.S.C. § 2255. The court denied petitioner's motion, and he appealed. The Seventh Circuit denied petitioner's request for a certificate of appealability. On August 11, 2009, petitioner filed another motion to vacate his sentence, pursuant to § 2255. The court dismissed the petition for lack of jurisdiction, concluding that it was an unauthorized second or successive § 2255 petition. On February 24, 2016, petitioner filed a third motion to vacate his sentence, pursuant to § 2255. The petition invoked *Johnson v. United States*, 135 S. Ct. 2551 (2015), and so the court referred the case to the Federal Defender. After the Federal Defender withdrew, petitioner filed a brief on the merits of his petition, and the United States filed a reply. The court ultimately dismissed the petition for

---

[1] As of April 2012, petitioner had also filed six applications with the Seventh Circuit, pursuant to 28 U.S.C. § 2244. The applications to the circuit court sought permission to file second or successive collateral attacks on his conviction and sentence.

lack of jurisdiction, concluding that it was an unauthorized second or successive § 2255 petition.

On June 27, 2016, about a month after the Northern District of Illinois dismissed petitioner's third § 2255 petition, he applied to this court for a writ of habeas corpus, pursuant to 28 U.S.C. § 2241.

ANALYSIS

In the cover letter accompanying his petition to this court, petitioner writes that his filing is timely because it is "within the one year decision of *Johnson*." Dkt. 1-3. He further writes that his "issue is actual innocence of [his] sentencing enhancement as a career offender under the mandatory guidelines that are now advisory." *Id.* The petition itself confirms that petitioner is pursuing at least some relief pursuant to *Johnson*. He contends that his enhanced sentence as a career offender is based on a felony drug conviction in Oklahoma and on a felony conviction for mob action in Illinois. Dkt. 1, at 11. Petitioner argues that after *Johnson*, his mob action conviction no longer qualifies as a conviction for a crime of violence under the residual clause in USSG § 4B1.2. Petitioner acknowledges that he has a second drug conviction from Arkansas, which would mean that he is still a career offender even if the mob action conviction no longer qualifies as a crime of violence. But according to petitioner, that conviction was for a misdemeanor, not for a felony. *Id.* at 12.

There are two problems with petitioner's attack on his sentence. First, even assuming that he is correct that his conviction for mob action no longer qualifies as a crime of violence, he cannot pursue this argument under § 2241. He must use § 2255. Second, *Johnson* might make petitioner's challenge to the mob action conviction timely, but it does not make his

3

challenge to the Arkansas drug conviction timely. Thus, even if petitioner succeeded in removing the mob action conviction from his list of qualifying predicate offenses, he would still qualify as a career offender. I will therefore dismiss petitioner's § 2241 petition.

To collaterally attack a sentence, federal prisoners must ordinarily file a petition under § 2255. *Brown v. Caraway*, 719 F.3d 583, 586 (7th Cir. 2013). But a federal prisoner "may petition under section 2241 instead if his section 2255 remedy is 'inadequate or ineffective to test the legality of his detention.'" *Brown v. Rios*, 696 F.3d 638, 640 (7th Cir. 2012) (quoting 28 U.S.C. § 2255(e)). The Seventh Circuit has established three conditions that must be present for the "inadequate or ineffective" exception to apply. First, the petitioner must be relying on a statutory-interpretation case—rather than on a constitutional case—because § 2255 offers relief to prisoners who rely on constitutional cases. Second, the petitioner must be relying on a retroactive decision that he could not have invoked in his first § 2255 motion. Third, the sentence enhancement must have been a grave enough error to be deemed a miscarriage of justice. *Light v. Caraway*, 761 F.3d 809, 812 (7th Cir. 2014), *cert. denied*, 135 S. Ct. 970 (2015); *In re Davenport*, 147 F.3d 605, 611-12 (7th Cir. 1998).

Petitioner cannot satisfy the first condition for proceeding under § 2241. The Seventh Circuit has squarely held that "*Johnson* announces a new substantive rule of *constitutional* law." *Price v. United States*, 795 F.3d 731, 732 (7th Cir. 2015) (emphasis added). This means that § 2255, not § 2241, is the procedure through which prisoners can seek relief based on *Johnson*. *See Simpson v. Cross*, No. 15-cv-817, 2015 WL 5585809, at *2 (S.D. Ill. Sept. 21, 2015) ("*Johnson* announces a new rule of constitutional law, and, therefore, cannot be the basis for a § 2241 petition."). Because petitioner is not relying on a statutory-interpretation

case, he cannot demonstrate that § 2255 is inadequate or ineffective to test the legality of his detention. I will therefore dismiss his petition and close this case.

This is not to say that petitioner is entitled to relief under § 2255. Indeed, he appears to have raised these arguments to the Northern District of Illinois in his most recent § 2255 petition. *See United States v. Edwards*, No. 16-cv-50041 (N.D. Ill. filed Feb. 24, 2016). Although the court dismissed the petition as an unauthorized second or successive petition, the United States's reply in that case explained why petitioner is probably not entitled to relief. *Johnson* does not provide a basis from which a court could review whether petitioner's Arkansas drug conviction qualifies as a predicate offense for the career offender enhancement (and the United States's reply suggests that even if there was a basis to review the conviction, it *was* a felony conviction). This might mean that even if petitioner succeeds in arguing that *Johnson* removes his mob action conviction from his list of predicate offenses, he would still have two other qualifying offenses. Perhaps petitioner can overcome these arguments. But that would be for the Northern District of Illinois to decide.

There might be cases in which I could construe a § 2241 petition as a § 2255 petition and transfer it to a petitioner's sentencing court. But that would not be appropriate in this case. Petitioner has already filed a *Johnson*-based petition in his sentencing court. As that court explained, petitioner must address his arguments to the Seventh Circuit, in an application for authorization to file a second or successive § 2255 petition. Petitioner is familiar with this procedure—he has used it six times already. Section 2241 is not a means through which federal prisoners can get around the procedural requirements for § 2255 petitions. Because that appears to be petitioner's goal in applying to this court for a writ of habeas corpus, I will dismiss the petition rather than transfer it.

ORDER

IT IS ORDERED that:

1. Petitioner Albert Edwards's petition for a writ of habeas corpus under 28 U.S.C. § 2241, Dkt. 1, is DENIED, and this case is DISMISSED.

2. The clerk of court is directed to close this case.

Entered July 13, 2016.

BY THE COURT:

/s/

_____

JAMES D. PETERSON
District Judge